**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MAGDALENA LELUTIU, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| THE EMIRATES GROUP, | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

The Plaintiff MAGDALENA LELUTIU (hereinafter referred to as "LELUTIU") and for her complaint against the Defendant THE EMIRATES GROUP (hereinafter referred to as "EMIRATES") states:

**COUNT I -
Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991**

1.      This is an action brought for damages sustained by LELUTIU by reason of EMIRATES' violation of her civil rights under Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991.

2.      At all times relevant hereto, LELUTIU was a citizen of the United States, is a resident of the Northern District of Illinois and is Polish.

3.      At all times relevant hereto, EMIRATES was and is a subsidiary of the government of Dubai's Investment Corporation of Dubai, is organized and existing under the laws of Dubai, that has of its divisions being Emirates SkyCargo, the Airfreight Division, with one of its principal locations at 5600 Mannheim Road, O'Hare International Airport, Chicago, Illinois 60666.

1

4.　　At all times relevant hereto, EMIRATES was an "employer" within the meaning of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

5.　　This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

6.　　Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391 since the complained of conduct occurred in this District.

7.　　On or about December 6, 2019, LELUTIU was hired by EMIRATES to the position of Cargo Sales Executive.

8.　　As a Cargo Sales Executive, LELUTIU was responsible for generating additional cargo sales, creating and negotiating cargo contracts and developing relationships with customers.

9.　　Up to August, 2020, LELUTIU received favorable performance reviews and accolades concerning her work from her superiors at EMIRATES.

10.　　At all times relevant hereto and during LELUTIU's employment, it was the policy of EMIRATES not to discriminate against an employee on the basis of his or her national origin under Section 704(a) of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

11.　　Nevertheless, commencing in or about January, 2020, EMIRATES discriminated against LELUTIU on the basis of her national origin, namely being Polish.

12.　　On or about January 16, 2020, shortly after LELUTIU's hiring by EMIRATES, Laurie Morch, Cargo Sales Executive, commented that EMIRATES "hired another fucking Polak."

13.     On or about February 10, 2020, Ms. Morch told LELUTIU that no one could understand her with her accent.

14.     On or about February 12, 2020, Ms. Morch stated that she could not work with "these stupid Europeans."

15.     On or about February 27, 2021, Ms. Morch told LELUTIU that she should be lucky that she was not working in a yellow vest.

16.     In August, 2020, Jannie Davel, VP for America for EMIRATES, resigned and was replaced by Ming Chen, Cargo Station Manager.

17.     On August 31, 2020, LELUTIU was reassigned to perform accounting duties.

18.     On October 22, 2020, Ms. Morch and Mr. Chen called LELUTIU in for a "Local Sales Meeting."

19.     During this meeting, Ms. Morch questioned LELUTIU about her responsibilities and suggested to Mr. Ming that LELUTIU's job description be rewritten to cover administrative and clerical duties.

20.     LELUTIU responded that she reported to Mr. Chen and not Ms. Morch.

21.     Ms. Morch indicated that LELUTIU was going to do what Ms. Morch told her to do.

22.     After this meeting, LELUTIU received an email from Ms. Morch indicating that going forward, LELUTIU would be reporting to her.

23.     On October 26, 2020, LELUTIU filed an official complaint with Human Resources which was sent to Jennifer Jackson.

3

24.     By virtue of LELUTIU's various complaints to Human Resources, on December 30, 2020, she was demoted from Cargo Sales Executive to Reservation Agent.

25.     On February 3, 2021, LELUTIU contacted Human Resources regarding her complaint.

26.     LELUTIU did not receive any response as far as the status of her complaint.

27.     Despite LELUTIU's advising EMIRATES of the hostile work environment created by Ms. Morch and Mr. Chen, EMIRATES has done nothing to remedy the situation.

28.     EMIRATES has, therefore, discriminated against LELUTIU by allowing this hostile work environment to continue in violation of her rights under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

29.     On March 5, 2021, the Equal Employment Opportunity Commission received LELUTIU's charge of discrimination.

30.     Pursuant to LELUTIU's request, on or about July 29, 2021, the EEOC issued LELUTIU a notice of right to sue. A true and correct copy of this notice is attached hereto as ***Exhibit A***.

31.     Less than ninety days have expired since LELUTIU's receipt of the notice of right to sue.

32.     EMIRATES' violation of LELUTIU's rights under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, has caused LELUTIU pecuniary damages.

4

WHEREFORE, the Plaintiff MAGDALENA LELUTIU requests that this Court enter judgment in her favor and against the Defendant THE EMIRATES GROUP as follows:

a. Enjoining EMIRATES from engaging in such unlawful employment practices as alleged in this complaint.

b. Reinstating LELUTIU to her position of Cargo Sales Executive at a rate of pay comparable to what she would have been receiving if not for the civil rights violations committed against her by EMIRATES.

c. Alternatively, in the event that EMIRATES is unwilling to reinstate LELUTIU, that LELUTIU be awarded front pay.

d. Making LELUTIU whole as to all salary, benefits and seniority status that would have accrued but for the civil rights' violations committed by EMIRATES.

e. Awarding LELUTIU compensatory damages and punitive damages pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

f. Awarding LELUTIU injunctive relief from EMIRATES engaging in a hostile work environment.

g. Awarding LELUTIU attorney's fees, costs and prejudgment interest pursuant to 42 U.S.C. § 2000(e-5)(k).

h. Awarding LELUTIU such other relief as this Court may deem appropriate.

5

THE PLAINTIFF DEMANDS TRIAL BY JURY.

<div style="margin-left: 50%;">

Respectfully submitted,


/s/ Joel F. Handler
Joel F. Handler (#1115812)
One E. Wacker Drive, Suite 510
Chicago, Illinois 60601
(312) 832-0008
jhandler@handlerlawgroup.com
Attorney for the Plaintiff,
MAGDALENA LELUTIU

</div>